**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| SENITA LESLIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-00202-TES |
| | ) | |
| NESTLE PURINA PETCARE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**AGREED PROTECTIVE ORDER GOVERNING THE EXCHANGE AND
PROTECTION OF CONFIDENTIAL INFORMATION**

Upon agreement and motion of Plaintiff Senita Leslie and Defendant Nestlé Purina PetCare

Company (collectively, "the parties"), and pursuant to the Court's authority under Fed. R. Civ. P.

26(c), the Court hereby enters this Agreed Order for the purpose of expediting the flow of

discovery material, facilitating the prompt resolution of disputes over the confidentiality of

information, adequately protecting material entitled to be kept confidential, and ensuring that

protection is afforded to material so entitled.

IT IS THEREFORE ORDERED as follows:

**A.      Definition of Confidential Information or Documents**

"Confidential Information" or "Documents," as used in this Order, means any information

and documentation that is held by a party as confidential or proprietary and relates to one's

business or customers or private medical, financial, or other confidential information, the public

dissemination of which could cause a financial or other hardship for the producer or place the

producer in a competitive disadvantage, which is supplied by a party to an opposing party or their

counsel during discovery in response to a discovery request or is revealed during a deposition and

falls within a category described below.  The term "Confidential Information" shall not include

(1) information which at or prior to disclosure thereof in this action is or was publicly accessible or in the public domain or which, after disclosure thereof, becomes public without action on their part; and (2) information which was rightfully possessed by the party receiving it, and not otherwise subject to restrictions on its disclosure prior to this action. For purposes of this Order, the following categories of documents are understood by the parties to be "Confidential:"

1.     Any human resources and personnel information concerning Defendant's current or former employees (including Plaintiff), including, but not limited to: home addresses, telephone numbers, Social Security numbers, and dates of birth; health records; medical and other leave requests; wages earned and benefits received; documents labeled as proprietary or as restricted as to outside use.

2.     Medical or personal financial records of Plaintiff and other current or former employees, including any such information which is exempt from public disclosure under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), or any other state or federal law.

Documents not specifically covered by these categories may be stamped and thereby designated as "Confidential" upon production where a party believes in good faith that the document contains confidential or proprietary information.  The presence of this stamp or mark on a particular document shall signify that the designating party holds the opinion in good faith that the document is legitimately confidential or proprietary and merits protection from disclosure under this Order. The absence of such a designation does not necessarily preclude a document from being subject to this Agreed Protective Order. For purposes of this Order, the term "document" includes all written, recorded, computerized or graphic material, including interrogatory answers and deposition testimony, produced or created by a party, including its

experts, consultants or outside vendors. An entire document production, or any portion thereof, may be designated confidential on an interim basis to expedite discovery, in which case the producing party will have 15 days after entry of this Order or from production, whichever is later, to identify the documents as to which confidentiality is asserted and the receiving party shall affix a stamp designating the document as confidential. Counsel for a party claiming confidentiality at a deposition or proceeding may designate the information as confidential by making a statement on the record, or by having the court reporter label the information appropriately, or within 10 business days after receipt of a transcript or 10 days after entry of this Order, whichever is later, by informing opposing counsel in writing of the confidential designation.  Similarly, counsel for a party may designate documents produced by a non-party as confidential within 10 business days after giving the production to opposing counsel by informing opposing counsel in writing of the confidential designation.

**B.      Qualified Persons with Access to Confidential Information**

1.      "Confidential Information" or "Documents" and the contents of confidential    information shall be maintained confidentially by outside counsel and shall not be shown to, given to, discussed with or otherwise disclosed to any person other than "Qualified Persons," as defined herein.

2.      The term "Qualified Persons" as used herein, means:

a.      Counsel for the parties in this action;

b.      The parties, including all agents thereof to the extent such agents have a bona fide need related to this litigation to have access to such Information or Documents;

c.    Employees or agents of outside counsel for the parties in this litigation to the extent reasonably necessary to render professional services in the litigation (hereafter "employees");

d.    Consultants and experts retained or employed to assist counsel for the parties specifically for and in the preparation of this litigation for trial or settlement, and the employees or agents for these consultants and experts (hereafter "experts");

e.    The authors, addressees or originators of the "Confidential Information;"

f.    The Court, court personnel and stenographic reporters at depositions taken, or transcribing other proceedings, in this action; and

g.    Other persons noticed for deposition or designated as witnesses for trial or any other hearing or proceeding in this litigation (hereafter "witnesses") with a need to know confidential information.

3.    The parties' respective counsel and their employees agree to respect the rights of privacy of persons not named as parties to this action, to the extent consistent with the need to show, reveal, or disclose "Confidential Information" or "Documents," when showing, revealing or disclosing "Confidential Information" to "witnesses."

**C.    Restrictions on the Use and Disclosure of Confidential Information to Qualified Persons**

1.    If an attorney desires to give, show, make available, or communicate properly designated Confidential Information by an opposing party to any "experts" or "witnesses" (other than in the course of a deposition, hearing, or trial) each person to whom the matter is to be given, shown, made available, or communicated, must agree not to disclose to anyone who is not

a Qualified Person any of the information set forth or contained in the material received and to be bound by the terms of this Order.

2.      Pursuant to this Order, the attorney of record for the parties' respective counsel, their employees and agents, and the parties also agree to be bound by the terms of this Order; no further written consent is required of them.

3.      Persons obtaining access to or knowledge of items designated as "Confidential" shall use the information solely for preparation for or conduct of deposition, trial, settlement, or post-trial proceedings related to this action and shall not use such information for any other purpose, including personal, business, governmental, commercial, or other administrative or judicial proceedings or engage in any activity or action where knowledge of the confidential information could be prejudicial to the parties.

4.      No copies of documents, testimony, or other information designated as "Confidential" shall be received, kept, or maintained by individuals other than the Qualified Persons listed above.

5.      If an attorney wishes to file with the Court any document containing "Confidential Information," or any pleading, brief or attachment thereto that quotes "Confidential Information," the attorney shall first give such notice thereof as is reasonable under the circumstances to opposing counsel.  The parties shall then, prior to any such filing, make reasonable, good faith efforts to reach an agreement, if necessary, to protect Confidential Information from disclosure to persons other than Qualified Persons.  Parties wishing any document filed as part of the record under seal must first present a motion and/or agreed order regarding said document to the Clerk of the Court as directed in the Court's Local Rules.

6.      In the event an attorney seeks to show any documents or other information denominated as "Confidential" to any category of persons other than those described in Section B(2), above, as "Qualified Persons," that attorney shall first meet and confer with opposing counsel to reach an informal resolution of or agreement on this matter. This informal resolution is NOT satisfied by sending a written document unless repeated attempts to confer by telephone or in person are unsuccessful. In the event that agreement or resolution cannot be reached, the attorney seeking to show the "Confidential Information" to anyone other than a "Qualified Person" shall arrange a telephone conference with the court through the court's judicial assistant or courtroom deputy. The parties shall then prepare a joint, concise, non-argumentative statement of the dispute and submit same to the court prior to this conference. If the differences cannot be resolved during the conference with the court, the court will direct further proceedings.

**D.      No Admission or Waiver**

The parties' agreement to this Order shall not be construed as a waiver of any privilege or objection any party may have as to the discoverability of any information, material or document, except that the parties agree that they shall not object to producing or withhold or redact information solely on the basis that it is confidential (if it is covered under the provisions of this Order), with the exception of documents to which the attorney-client, attorney work product, or other applicable communicative privileges recognized by the Federal Rules of Evidence, and it shall not be construed as a waiver of any party's right to move to compel any information, material or document. The inadvertent disclosure of any document, communication or other material protected from disclosure and discovery by the attorney-client privilege, the attorney work product doctrine, or other judicially recognized protections or privileges or which are otherwise not subject to discovery under applicable law, regulation, or the Federal Rules of Civil Procedure shall not be

deemed to be a waiver of the applicable protections or privileges as to either: (i) the document, communication or materials disclosed, or (ii) other protected or privileged documents, communications or materials relating to or concerning the same subject matter.

### E.    Modification Permitted

Nothing in this Order shall prevent any party or other person from seeking modification of this Order or, upon satisfaction of the requirements set forth in this Court's Guidelines for Discovery and Motion Practice, to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those specified herein.  Likewise, nothing in this Order shall prevent any party or other person from arranging a telephonic conference with the Court to resolve a discovery dispute and subsequently moving to compel production of any document or information pursuant to Fed. R. Civ. P. 37.  Finally, the parties may make exceptions, modifications, or additions to this Order by written agreement so long as all parties, either personally or through their counsel, sign the written agreement.

### F.    Clawback Agreement

1.    The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney-client privilege or the work product doctrine, and no party shall be held to have waived any rights by such inadvertent production.

2.    Any documents inadvertently produced, and all copies and records thereof, shall be immediately returned to the producing party upon request.

3.    To the extent that the information contained in a document subject to a claim has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved.  If the receiving party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

## G.    Jurisdiction and Return of Documents

This Order shall survive the final termination of this action and the Court shall retain jurisdiction for 60 days to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this Court's jurisdiction over this case, counsel for the parties shall assemble and return or destroy within 60 days all confidential information and all copies of same.  Nothing in this paragraph shall preclude the parties' counsel from maintaining copies of materials which in the good faith judgment of counsel must be maintained for purposes of responding to a client in this case regarding matters in this case or defending against malpractice claims.

## H.    Challenging Confidentiality Designations

1.    Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after receipt of the original designation.

2.    The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. An e-mail from Challenging Party constitutes written notice under this paragraph. The

parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven days of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3.     If the dispute over the challenged confidentiality designations cannot be resolved despite the parties' sincere efforts, the parties shall contact the Court to schedule a telephonic conference.  The Designating Party shall bear the burden of establishing the right to a protective order with respect to any challenged materials.

## I.     Protected Material Subpoenaed or Ordered to be Produced in Other Litigation

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must: (a) promptly notify in writing the Designating Party, including therein a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective order, including therein a copy of this Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

J.      **Non-Parties' Protected Material**

The terms of this Order are applicable to information produced by a Non-Party to this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided in this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

* * * * *

SO ORDERED, THIS __9th__ DAY OF __June_____, 2026.


__s/Tilman  E. Self, III_____
UNITED STATES DISTRICT JUDGE
TILMAN E SELF, III